IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

BRITTANY FRITSCH,

    Plaintiff,

v.                                                    Civil Action No. 1:25-cv-00466-GPG-TPO

ELEVANCE HEALTH, INC., and
ANTHEM HEALTHCHOICE
ASSURANCE, INC.,

    Defendants.

---

**CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION**

---

    The Court enters this Scheduling Order pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA").

    **1.**     **Jurisdiction.** The Parties agree that ERISA governs this case. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)(1) & 1132(f). Venue is proper before the Court pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. §1132(e)(2).

    **2.**     **Consent.** All Parties have have not **X** consented to the exercise of jurisdiction of a Magistrate Judge.

    **3.**     **Scheduling Conference.** This Court held the Scheduling Conference on November 13, 2025. Plaintiff appeared in person representing herself pro se. Thomas C. Hardy, Esq., appeared on behalf of Defendants via video teleconference.

    **4.**     **Standard of Review.** The Parties agree the Court will decide the case under a ***de novo*** standard of review. While *de novo* review is generally limited to the administrative record, Plaintiff contends that supplementation may be necessary for her ERISA § 502(a)(1)(B) claim.

Accordingly, Plaintiff reserves the right to move for supplementation and will address the standards articulated in *Hall v. UNUM Life Ins. Co.*, 300 F.3d 1197 (10th Cir. 2002), and *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303 (10th Cir. 2007), as applicable. Because the Parties do not currently agree on whether additional discovery is appropriate, Plaintiff anticipates filing a motion to address this issue.

With respect to Plaintiff's claims under ERISA § 502(a)(3), Plaintiff contends that fact-intensive inquiry beyond the administrative record, pursuant to Fed. R. Civ. P. 26, is necessary. However, Defendants contend that Plaintiff's claims under ERISA § 502(a)(3) are impermissible and should be dismissed, and as a result, have filed a Motion to Dismiss on that basis, which is pending before this Court. *See* ECF No. 45. To that end, at this time, the Parties disagree about the scope and permissibility of such discovery. Thus, Plaintiff reserves the right to move for discovery and anticipates filing a motion to clarify the scope of the discovery sought.

**5.**     **Discovery.** Because a *de novo* standard of review applies, should the Court determine that Plaintiff has a right to additional discovery for either or both of her ERISA § 502(a)(1)(B) and ERISA § 502(a)(3) claims, the parties may serve discovery requests consistent with the principles that the Tenth Circuit has established in *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303 (10th Cir. 2007). If the Parties disagree over the permissibility of any discovery request, they will attempt to resolve the dispute by conferring pursuant to D.C.COLO.LCivR 7.1.A. If the Parties cannot resolve their dispute, the Parties then will bring the dispute before the Court for resolution. The deadline for submission of any motion regarding discovery is **April 17, 2026**.

**COURT**:

(1)     The Court reminds the Parties to engage in meaningful conferral should a dispute arise and before seeking the Court's intervention. A meaningful conferral is one done personally such as

face-to-face, in a video conference, or over the telephone. *See* D.C.COLO.MJ, § VI(2); *see also Bautista v. MVT Services, LLC*, No. 16-cv-01086-NYW, 2017 WL 2082925, *4 (D. Colo. Mar. 20, 2017). A meaningful conferral also is one that occurs in a reasonable timeframe before any relevant deadline.

(2)     Should a discovery dispute arise, the Parties shall follow the procedure set out at Section VI of the Magistrate Judges' Uniform Civil Practice Standards (D.C.COLO.MJ). Rather than file a motion about a discovery dispute, the Parties first shall confer about the matter. If the Parties are unable to resolve the dispute on their own, then the Party seeking relief shall request a Discovery Conference with the Court by sending an email, copied to all Parties, to *O'Hara_Chambers@cod.uscourts.gov*. The request shall include a brief description of the dispute. The Court will issue an order to schedule the Discovery Conference and to provide the Parties with instructions on how to proceed.

   6.     **Settlement.**  The Parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.  The Court directs the Parties to file a status report concerning settlement on **July 31, 2026**.

**COURT**: The Court advises the Parties of the option of a Settlement Conference. At such later time if the Parties become interested in a Settlement Conference with this Court, they shall jointly contact Magistrate Judge O'Hara's Chambers by email to secure a date and then file a joint motion to request the Settlement Conference (including reference to the reserved date) to be ruled upon or referred by the District Judge.

**7.     Schedule**:

(a)     **February 13, 2026**     Defendants produce bates stamped administrative record to Plaintiff.

(b)     **March 13, 2026**     Deadline for motion to supplement the administrative record.

        **April 17, 2026**     Deadline for Discovery-Related Motions

(c)     **June 12, 2026**     Discovery cut off.

(d)     **July 31, 2026**     Defendants submit copy of the administrative record to the Court.

(e)     **August 7, 2026**     Opening briefs on the merits (cross-motions for summary judgment anticipated).

(f)     **August 27, 2026**     Response briefs on the merits.

(g)     **September 10, 2026**     Reply briefs on the merits.

DATED at Denver, Colorado, this 18th day of November, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge