# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| Brittany Byers | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.    1:25-cv-00466 |
| | ) | |
| Elevance Health, Inc., et al. | ) | |
| *Defendant* | ) | |
| | ) | |

---

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS APPLICABLE TO PLAINTIFF DUE TO MEDICAL INCAPACITY**

---

Plaintiff, proceeding pro se, respectfully moves the Court for a temporary stay of proceedings applicable to Plaintiff due to medical incapacity. In support, Plaintiff states as follows:

# I. INTRODUCTION

1. Plaintiff seeks a limited, temporary stay of deadlines and obligations applicable to Plaintiff for a period of 120 days, based on medical advice that Plaintiff is not currently able to engage in sustained cognitive effort or high-stress activities without risk of symptom exacerbation.

2. This request is narrowly tailored. Plaintiff does not seek to delay Defendant's upcoming production of the ERISA administrative record currently due on February 13, 2026. Rather, Plaintiff seeks a stay of Plaintiff-side obligations, including the deadline to seek supplementation of the administrative record and related proceedings, so that Plaintiff may recover sufficiently to participate meaningfully and fairly in this litigation.

# II. PROCEDURAL POSTURE

3. This is an ERISA action proceeding on the administrative record. Defendant's next scheduled

obligation is production of the administrative record on February 13, 2026. Following that production, Plaintiff faces a deadline to evaluate the record and determine whether to seek supplementation — a task that requires sustained attention, complex analysis, and strategic decision-making.

4. In addition, a motion filed in late December 2025 remains pending before the Court. Granting a temporary stay applicable to Plaintiff would preserve the status quo, avoid piecemeal litigation, and promote judicial economy while the Court resolves pending matters and Plaintiff recovers medically.

## III. MEDICAL BASIS FOR REQUESTED STAY

5. Plaintiff is under active medical care for conditions that significantly impair cognitive functioning and stress tolerance. Plaintiff's primary care provider has advised that Plaintiff is not currently medically able to engage in sustained cognitive effort, complex decision-making, or high-stress activities such as litigation, and that attempting to do so has worsened their symptoms and puts their ultimate recovery at risk.

6. Although Plaintiff previously sought limited accommodation immediately following the initial injury, Plaintiff's condition did not substantially improve and has worsened over time, as reflected in their treating provider's current assessment.

7. Plaintiff is scheduled to begin specialized treatment at a concussion clinic in late February 2026. The requested stay would allow Plaintiff to engage in treatment and reassess their capacity to proceed thereafter.

8. Plaintiff's medical provider has recommended a **minimum delay of 120 days** to allow for further recovery and stabilization before reassessment. A letter from Plaintiff's provider is attached as **Exhibit A**.

9. The issue is functional capacity: Plaintiff cannot safely or effectively perform the cognitively

demanding litigation tasks required at this stage of the case.

## IV. LEGAL STANDARD

10. District courts possess inherent authority to stay proceedings to manage their dockets and ensure fairness to the parties. A stay is particularly appropriate where a litigant's medical condition temporarily prevents meaningful participation and the requested relief is limited in scope and duration.

11. Here, Plaintiff seeks a defined, time-limited stay that balances Plaintiff's health needs with the orderly progression of the case. Granting a temporary, limited stay will promote orderly case management and ensure that proceedings resume when Plaintiff is able to participate meaningfully

## V. REQUESTED RELIEF

12. Plaintiff respectfully requests that the Court enter an order:

    a. Allowing Defendant to proceed with production of the ERISA administrative record on February 13, 2026;

    b. Staying all deadlines and obligations applicable to Plaintiff, including deadlines to seek supplementation of the administrative record, briefing deadlines, and further proceedings, for a period of **120 days**, or until further order of the Court;

    c. Leaving any pending motions under advisement during the stay; and

    d. Requiring a brief status report at the conclusion of the stay, if the Court deems appropriate.

13. This limited stay will prevent prejudice, protect Plaintiff's due process rights, and promote efficient case management.

## VI. CONFERRAL

14. Pursuant to D.C.COLO.LCivR 7.1(a), **P**laintiff certifies that Plaintiff conferred with counsel for

Defendant, who does not oppose this motion.

# VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion.

Respectfully submitted,

*/s/ Brittany Anne Byers*
**Plaintiff, Pro Se**

PO Box 11026
Denver, CO 80211
785-445-2355
alightergreen@gmail.com

**Attached:**
- **Exhibit A** – Letter from Plaintiff's Medical Provider